Lawrence Spasojevich, Esq.
*Attorney for Plaintiff*
52 Duane Street, 7th Floor
New York, New York 10007
Email: ls@spasojevichlaw.com
Telephone: (914) 487-3592

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SEAMUS SCANLON,

CASE NO. 1:25-cv-05212

Plaintiff,    **COMPLAINT**

-against-

DLA PIPER LLC,

ECF Case,

Defendant.

---

Plaintiff, SEAMUS SCANLON, on behalf of Plaintiff, by and through the undersigned

attorneys, Lawrence Spasojevich, Esq., hereby files this Complaint against Defendant, DLA

PIPER LLC and states as follows:

**<u>INTRODUCTION</u>**

1.      Plaintiff alleges that, under the Americans with Disability Act  42 U.S.C § 12101 *et. seq.*

(hereinafter "A.D.A."), as amended by the A.D.A. Amendments Act of 2008 ("A.D.A.A.A."),

Plaintiff is entitled to recover from Defendant: (1) compensatory damages; (2) punitive damages;

(3) lost wages; (4) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2.      Plaintiff alleges that, under the New York City Human Rights Law, NYC Admin. Code §

8-101 *et. seq.* ("N.Y.C.H.R.L."), Plaintiff is entitled to recover from Defendant: (1)

1

compensatory damages; (2) punitive damages; (3) lost wages; (4) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.       This Court has jurisdiction over this controversy under 28 U.S.C. §§ 1331 and has supplemental jurisdiction over Plaintiff state law claims under 28 U.S.C. § 1367 in that the claims arise out of the same set of operative facts and are so related to Plaintiff's A.D.A. claims that they form of the same case or controversy.

4.       On April 15, 2025, the U.S. Equal Employment Opportunity Commission issued a Determination and Notice of Right to Sue to Plaintiff.

5.       Venue is proper in the SOUTHERN DISTRICT OF NEW YORK pursuant to 28 U.S.C. § 1391(b) because the conduct making up the basis of the complaint took place in this judicial district.

6.       Plaintiff will serve this Complaint upon the New York City Commission on Human Rights and Corporation Counsel for the City of New York within ten (10) days of the filing of this Complaint and, thus, satisfy the notice requirements under NYCHRL § 8-502.

## PARTIES

7.       Plaintiff, SEAMUS SCANLON, is an adult resident of Queens County, New York.

8.       Plaintiff suffers from a disability: clinical depression and anxiety.

9.       Plaintiff's disability is episodic and/or in remission but, when active, would substantially limit a major life activity. 29 C.F.R. § 1630.2(j)(vii).

10.       Upon information and belief, Defendant, DLA PIPER LLC, is a domestic business corporation existing under the laws of the State of New York, with a place of business located at 1251 Avenue of the Americas, New York, New York 10020-1104.

11.     During the period relevant to this action, Defendant, DLA PIPER LLC, was an employer

as defined by the A.D.A. as it has more than fifteen (15) employees. *See* 42 U.S.C. § 12111(5).

12.     During the period relevant to this action, Defendant, DLA PIPER LLC, was an employer

defined by the N.Y.C.H.R.L. as it has more than four (4) employees and tasked with the

obligation to intiate the interactive process and/or provide a reasonable accommodation.

N.Y.C.H.R.L. § 8-102.

## STATEMENT OF FACTS

13.     Plaintiff was employed by Defendant from on or about  April 3, 2023 to on or about

October 16, 2023 in the position of IT Technician.

14.     In the position of IT Technician, Plaintiff's duties and responsibilities included  general

informational technology and work set-up support for employees of Defendant.

15.     Plaintiff could perform such duties and responsibilities with a reasonable

accommodation.

16.     On or about July 26, 2023, Plaintiff was granted short term disability leave related to his

disability by Defendant via UNUM, Defendant's short term disability provider, which,

ultimately, was set to expire on October 18, 2024.

17.     On or about October 14, 2023, Plaintiff did contact Defendant and did notify Defendant

that he was intending on retuning to work on October 18, 2024.

18.     On October 16, 2023, Defendant did make a decision to terminate Plaintiff's employment

because, in sum and substance, Defendant could not trust Plaintiff because of Plaintiff's

disability.

19.     Indeed, Defendant did inform Plaintiff that he was not a "culture fit".

20.     At no point did Defendant initiate a cooperative dialogue to assess whether Plaintiff

could perform the assigned duties and responsibilities with an accommodation even though

Defendant knew or should have known that Plaintiff may be in need of an accommodation.

21.     Plaintiff has been substantially damaged by the Defendant's wrongful conduct.

**COUNT 1**
**[Violation of the A.D.A. -Disability Discrimination]**

22.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in the

preceeding paragraphs of this Complaint as if fully set forth herein.

23.     The A.D.A. prohibits "discriminat[ion] against a qualified individual on the basis of

disability in regard to job application procedures, the hiring, advancement, or discharge of

employees, employee compensation, job training, and other terms, conditions, and privileges of

employment." 42 U.S.C. § 12112(a). *See Conroy v. N.Y. State Dep't of Corr. Servs.*, 333 F.3d 88,

94, 97 (2d Cir. 2003). *Port Auth. Police Benevolent Ass'n, Inc. v. Port Auth. of N.Y. & N.J.*, 283

F. Supp. 3d 72, 81 (S.D.N.Y. 2017).

24.     Defendant is an employer under the A.D.A.

25.     Plaintiff is a qualified individual within the meaning of the A.D.A.

26.     Plaintiff had a disability within the meaning of the A.D.A.

27.     Defendant had an obligation to intiate the interactive process with Plaintiff. *Brady v. Wal-*

*Mart*, 531 F.3d 127 (2d Cir. 2008).

28.     Plaintiff was otherwise qualified to perform the essential functions of employment, with

or without a reasonable accommodation.

29.     Defendant discriminated against Plaintiff by never meaningfully initating the interactive

process with Plaintiff to accommodate Plaintiff's disability.

30.    Defendant discriminated against Plaintiff by failing to reasonably accommodate

Plaintiff's disability in violation of the A.D.A.

31.    Defendant discriminated against Plaintiff in terminating Plaintiff's employment on

October 16, 2023 when such adverse employment action was motivated by a discriminatory

animus towards Plaintiff due to Plaintiff's disability.

32.    Due to the intentional, willful and unlawful acts of the Defendant, Plaintiff suffered

damages in and entitled to an award of, an amount not presently ascertainable of compensatory

damages, punitive damages, lost wages, and front pay.

33.    Plaintiff is also entitled to an award of its reasonable attorneys' fees, costs, and expenses.

### COUNT 2
### [N.Y.C.H.R.L. – Disability Discrimination]

34.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in the

preceeding paragraphs of this Complaint as if fully set forth herein.

35.    The N.Y.C.H.R.L. applies to the Defendant and protects the Plaintiff.

36.    The N.Y.C.H.R.L. provides:

1. Employment. It shall be an unlawful discriminatory practice:

(a) For an employer or an employee or agent thereof, because of the actual or perceived
age, race, creed, color, national origin, gender, disability, marital status, partnership
status, caregiver status, sexual and reproductive health decisions, sexual orientation,
uniformed service, height, weight, or immigration or citizenship status of any person:

> (1) To represent that any employment or position is not available when in fact it is
> available;
> (2) To refuse to hire or employ or to bar or to discharge from employment such
> person; or
> (3) To discriminate against such person in compensation or in terms, conditions or
> privileges of employment.

*See* New York City, N.Y., Code § 8-107, New York City, N.Y., Code § 8-107(1)(a)

37.    Plaintiff had a disability within the meaning of the N.Y.C.H.R.L. *See* N.Y. Exec. Law §

292 (McKinney).

38.    Plaintiff was otherwise qualified to perform the essential functions of employment, with

or without a reasonable accommodation.

39.    Defendant discriminated against Plaintiff in terminating Plaintiff's employment on

October 16, 2023 when such adverse employment action was motivated by a discriminatory

animus towards Plaintiff due to Plaintiff's disability.

40.    Due to the Defendant's violations of the N.Y.C.H.R.L., Plaintiff is entitled to recover from

Defendant compensatory damages, punitive damages, attorneys' fees, and costs and disbursements

of this action, pursuant to N.Y.C.H.R.L. §8-502(a).

## COUNT 3
### [N.Y.C.H.R.L. Failure to Engage in the Interactive Process]

41.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in the

preceeding paragraphs of this Complaint as if fully set forth herein.

42.    The N.Y.C.H.R.L. applies to the Defendant and protects the Plaintiff.

43.    The N.Y.C.H.R.L. mandates that:

28. Reasonable accommodation; cooperative dialogue.
   (a) Employment. It shall be an unlawful discriminatory practice for an employer,
   labor organization or employment agency or an employee or agent thereof to
   refuse or otherwise fail to engage in a cooperative dialogue within a reasonable
   time with a person who has requested an accommodation or who the covered
   entity has notice may require such an accommodation:
      (2) Related to a disability as provided in subdivision 15 of this section;

   *See* N.Y., Code § 8-107(28)(a)(2).

44.    NYCHRL § 8-102 defines the cooperative diaglogue as:

6

**Cooperative dialogue**. The term "cooperative dialogue" means the process by which a covered entity and a person entitled to an accommodation, or who may be entitled to an accommodation under the law, engage in good faith in a written or oral dialogue concerning the person's accommodation needs; potential accommodations that may address the person's accommodation needs, including alternatives to a requested accommodation; and the difficulties that such potential accommodations may pose for the covered entity.

*See* NYCHRL § 8-102

45.    Thus, N.Y.C.H.R.L. mandates that Defendant intitate and engage in the interactive process to determine whether a reasonable accommodation is available to an employee with a disability. *Id.*

46.    Defendant, pursuant to its policy and practices, violated the N.Y.C.H.R.L. by failing to provide a reasonable accommodation to Plaintiff.

47.    Defendant, pursuant to its policy and practices, violated the N.Y.C.H.R.L. in failing to intitate and engage in the interactive process when it knew or should have known that Plaintiff was in need of a reasonable accommodation for Plaintiff's disability.

48.    The forgoing conduct, as alleged, constitutes a willful violation of the N.Y.C.H.R.L. without a good or reasonable basis.

49.    Due to the Defendant's violations of the N.Y.C.H.R.L., Plaintiff is entitled to recover from Defendant compensatory damages, punitive damages, attorneys' fees, and costs and disbursements of this action, pursuant to N.Y.C.H.R.L. §8-502(a).

## JURY DEMAND

50.    Plaintiff Demands A Trial By Jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff request that this Court grant the following relief:

(a)    An award of compensatory damages;

(b)    An award of punitive damages;

(c)    An award of lost wages;

(d)    An award of front-pay;

(e)    Reinstatement; and

(f)    An award of costs and expenses associated with this action, together with

reasonable attorneys' fees; and,

(g)    Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
   June 9, 2025

          Respectfully submitted


         By: *Lawrence Spasojevich*
           Lawrence Spasojevich, Esq.